## KNOX COUNTY *v.* FOX.

### (*Knoxville.* November 4, 1901.)

1. SHERIFF. *Allowed jail fees for detention of workhouse prisoners, when.*

   The county is liable to the Sheriff for board and turnkey fees of prisoners sentenced to the workhouse, but committed to jail, under mittimus, pending their removal to the workhouse.

   Code construed: §§ 6352, 7370–7376, 7420 (S.); §§ 5269, 6237-6243 (M. & V.); §§ 4517, 5395-5401 (T. & S.).

2. WORKHOUSE. *Convicts not liable to work out costs and fees accruing after conviction.*

   Workhouse convicts cannot be compelled to work out costs or jail fees that accrue after their conviction—*e. g.*, Sheriff's fees for board and turnkeys accruing by reason of their detention in jail on their way to the workhouse.

   Cases cited: Knox *v.* State, 9 Bax., 202; *Ex parte* Griffin, 88 Tenn., 547.

---

### FROM KNOX.

---

Appeal in error from Circuit Court of Knox County. JOSEPH W. SNEED, J.

J. R. AILOR and PICKLE & TURNER, for Knox County.

CHARLES T. CATES, JR., for Fox.

Knox County *v.* Fox.

McALISTER, J. The object of this suit is to recover certain jail fees alleged to be due Fox in his capacity as Sheriff and Jailor of Knox County. The case originated before a Magistrate, who pronounced judgment in favor of the Sheriff for the amount of his account. On appeal this judgment was affirmed by the Circuit Court. The case was heard in the Circuit Court on a stipulation of agreed facts, embodying, substantially, the following proof: The Sheriff sues the County to recover the cost of boarding various prisoners during the month of May, 1901, legally sentenced or committed to the workhouse of Knox County by different Justices of the Peace of said county, and also the turnkey's fees incident to receiving said prisoners into the jail of · Knox County and delivering them at said jail to the proper workhouse officials. The jail of Knox County is situated in the city of Knoxville, but the workhouse of the county is located twelve or thirteen miles from said city. The workhouse authorities have, for many years, under contract with the Sheriff, been in the habit of sending, at intervals, to the jail of Knox County for workhouse prisoners convicted and sentenced to the workhouse by the Justices of the Peace in the city of Knoxville. The charges sought to be collected by the Sheriff for the board of prisoners cover their confinement in the county jail between the time of their conviction and the time when the authorities of the workhouse sent to the jail and received them from

the Sheriff. The Knox County workhouse is under the control and supervision of commissioners, with an appointed manager or superintendent. It is entirely separate from the Knox County jail. J. W. Fox, plaintiff in this cause, was duly notified by G. L. Maloney, County Judge, before May 1, 1901, that after April 30, 1901, said fees for turnkeys and boarding prisoners would be disallowed because not warranted by law. The plaintiff presented an itemized statement of his account for May, 1901, showing names of prisoners and offenses for which each was sentenced to the workhouse, the name of the Justice trying the cause, the date when each prisoner was received at the jail, and the date of his delivery to the workhouse officials, the number of days charged for each prisoner and amount, the number of turnkeys charged against each prisoner, and the amount of charge against each prisoner. The County Judge disallowed the account and thereupon this suit was brought against the county.

It should have been stated that the charges made by the Sheriff for turnkeys and board of prisoners were added by him to the costs taxed by the Magistrate against the prisoners, and that said amounts have been worked out by each prisoner at the county workhouse in the same manner as his fine and other costs were worked out.

It is insisted on behalf of the county that these charges were not warranted by law. Counsel cited Shannon's Code, § 6352, viz.: "No officer is allowed

to demand or receive fees, or other compensation, for any service further than is expressly provided by law,'' and that no provision has been made in the statute for compensation for such services. It is claimed on behalf of the county that prisoners sentenced by magistrates to the county workhouse must be delivered at once to the Superintendent of the Workhouse and transferred to that institution, and that there is no authority whatever for their detention at the jail.

Section 7420 of Shannon's Code provides that a certified statement of the sentence of each prisoner shall be made out on printed blanks provided for that purpose, and delivered to the Superintendent of the Workhouse, and also to the County Judge, by the clerk of the Court, or the Justice of the Peace trying the same, showing specifically the name of the convict, the date of sentence, the cause for which committed, the term of imprisonment, amount of fine, costs, etc.

It is agreed in the present case that, after conviction and sentence in each of the cases herein, a mittimus was made out by the Justice of the Peace trying the particular case, directed to the keeper or Superintendent of the Workhouse. At the same time another mittimus was issued, directed to the Sheriff of Knox County, requiring him to receive and detain the prisoner in the jail of said county, unless the proper authorities of the workhouse should furnish means of transporting the prisoner to said

workhouse, when he was required to deliver the prisoner to said authorities along with the accompanying mittimus directed to the Keeper of the Workhouse. Now, it appears that the Sheriff received these prisoners at the jail, by authority of the mittimus directed to him by the Justice of the Peace. It is the duty of the Sheriff, as the custodian of the jail, to receive all prisoners committed by authority of law. Shannon's Code, §§ 7370–6. While it is the duty of the Superintendent of the Workhouse to take charge of all prisoners committed to him, at the earliest time practicable, if he fails to do so there is no reason why the Sheriff may not receive them under a mittimus directed to him. It is not the duty of the magistrate committing a prisoner to take him or deputize a constable to take him to the county workhouse. Unless the Superintendent of the Workhouse is ready to take the prisoner, or has made provision for some other officer to receive him, the magistrate has no other alternative but to commit the prisoner to jail, there to remain until such time as the workhouse authorities have him transferred to their institution. If these prisoners are unnecessarily detained at the county jail, it is the fault of the workhouse authorities in not having them promptly transferred. It is not the duty of the Sheriff or Jailor to transfer them. The efforts of the County Judge to save the county any unnecessary expense in this matter are highly commendable, but, we think, this end may

Knox County *v.* Fox.

be more effectually accomplished by causing a prompt transfer of the prisoners by the Superintendent of the Workhouse. The Sheriff cannot refuse to receive them when they are committed to the jail under a lawful mittimus, and so long as they remain in his custody he is entitled to the same costs and fees as the law allows for other prisoners.

It appears from the statement of agreed facts herein that the fees and cost of boarding these prisoners were added by the Sheriff to the bill of costs taxed by the magistrate, and have been worked out by each prisoner in the same manner as his fine and other costs are worked out in the workhouse of Knox County. It is claimed that the fact that the county has thus received the benefit of the labor of the prisoner is an additional reason why the county should pay the costs. In the case of *Knox* v. *State*, 9 Bax., 202, it was held that an Act was unconstitutional which undertook to impose upon the defendant the necessity of working out "all costs which may accrue, after conviction, for clothing and other necessaries." All that the prisoner could be required to work out was the fine and costs of conviction. He cannot be required to work out the State and county tax on litigation. *Ex parte Griffin*, 4 Pickle, 547. Hence there was no authority in the present case for taxing jail fees and costs accruing after conviction against the prisoners and requiring them to work out such costs in the

county workhouse. The cost of boarding prisoners and turnkey's fees are properly chargeable in these misdemeanor cases to the county and not to the prisoner. But this fact will not prevent the Sheriff from recovering in this action against the county for fees which the county is liable to pay.

Affirmed.