WOOLEN, *State Comptroller, v.* STATE, *ex rel.* PORTIS, *Sheriff.*

(*Jackson.*   April Term, 1914.)

1. **COSTS.   In criminal prosecutions.   Liability of state.**

Under Shannon's Code, secs. 7606, 7619-7622, declaring that costs shall include the safe-keeping of accused before and after conviction, and providing that costs in felony cases shall be paid by the State, the State is liable for costs for confining in the county jail one convicted of a felony; the commutation in the sentence not changing the grade of the offense. (*Post, p.* 456.)

Acts cited and construed:   Acts Extra Session 1891, ch. 22.

Code cited and construed:   Sec. 7606, 7619 (S.); secs. 5577, 5585 (M. & V. and 1858).

2. **COSTS.   In criminal prosecutions.   Liability of State.**

Acts 1891, ch. 123, sec. 11, providing that the State shall pay for the board of State prisoners, covers safe-keeping in a workhouse before and after conviction, on commutation from penitentiary confinement. (*Post, p.* 458.)

Acts cited and construed:   Acts 1891, ch. 123.

---

FROM TIPTON.

---

Appeal from Circuit Court, Tipton County.—S. J. EVERETT, Judge.

NAT TIPTON, and STEELE & STEELE, for appellant.

WILLIAM H. SWIGGART, JR. assistant attorney-general, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an action in the name of the State of Tennessee, on relation of Portis, sheriff and jailor of Tipton county, against the comptroller of the State, seeking the grant of a writ of *mandamus* to compel the issuance of a warrant on the treasury for a sum alleged to be due from the State for the board of certain prisoners in the county jail, who were convicted of felonies, but whose sentences had been commuted by trial juries to imprisonment in jail from imprisonment in the State penitentiary.

The comptroller answered, denying liability on the part of the State to the jailor for such board, and contending that the county was liable. The circuit judge ruled against this contention, and granted the writ of *mandamus,* with result that an appeal was prayed by the comptroller to this court.

The Code of 1858, section 5577 (Shannon, sec. 7606), defines criminal costs as follows: "The costs which may be adjudged in criminal cases include all costs incident to the arrest and safe-keeping of the defendant before and after conviction, due and incident to the prosecution and conviction, and incident to the carrying of the judgment or sentence of the court into effect."

The Code in section 5585 (Shannon sec. 7619), provides that the State or the county, according to the nature of the offense, "pays the costs accrued in behalf of the State" in certain contingencies named.

Acts Extra Session 1891, ch. 22 (Shannon's Code, secs. 7620-7622), defined more closely on which of the named contingencies the payor should be the State or the county, as between themselves, and this act again defines criminal costs as follows: "What is meant by costs in the foregoing sections is all costs accruing under the existing laws on behalf of the State or county, as the case may be, for the faithful prosecution and safe-keeping of the defendant, including the cost . . . of the jailor."

By the last-named act, the test of liability, as between the state and the county, is placed on the grade of the offense. All costs of the prosecution of crimes punishable otherwise than by death or confinement in the penitentiary are made payable by the county.

We are of opinion, and hold, that in cases of felonies, where the punishment has been commuted from confinement in the penitentiary to confinement in a county workhouse or jail, there is worked by the commutation no change in the grade of the offense, so as to disturb the above test of liability for costs. They are payable by the State, except where the statute provides to the contrary.

As seen, "costs," within the purview of the earlier statutory provision, included "safe-keeping of the defendant before and after conviction," and, in the later act, the equivalent "costs of the jailor." Thus is made a legislative distribution of an entire burden as between State and county.

It is insisted by the comptroller, for the State, that the general county workhouse act (Acts 1891, ch. 123), in section 11, wrought a change in the measure of the State's burden. This contention is based on a construction of the word "safe-keeping," appearing in that section, which would assign to it a narrower meaning than did the earlier statute, and improperly confine it to a keeping of a defendant before conviction. The above section 11 provides that the State shall pay for the board of State's prisoners, and this we construe to cover a safe-keeping in work-house or jail, both before and after conviction, on commutation from penitentiary confinement.

It is insisted by counsel of the Comptroller that the ruling in the case of *Knox County* v. *Fox,* 107 Tenn., 724, is favorable to his contention. It was in that case ruled that costs accruing after conviction, such as jail fees, were not costs to be taxed against and worked out by a convicted defendant. This being so, it becomes all the more manifest that sections 7606 and 7622 of Shannon's Code, quoted above, govern the taxation of costs as between the State and county, rather than as between the State and a defendant. We have so construed them.

The circuit judge did not err in granting the writ. Affirmed.