## STATE *v.* SELLARS.

### (*Nashville.*   December Term, 1919.)

1. **STATUTES.** Repeal by implication adjudged only where acts cannot be harmonized.

   It is the duty of the court to give effect to both of two acts, if possible, and only where they cannot be harmonized will a repeal of the former by the latter by implication be adjudged. (*Post, pp.* 31-36.)

   Acts cited and construed: Acts 1891, ch. 22, 123, sec. 12; Acts 1881, ch. 105; Acts 1875, ch. 83.

   Cases cited and approved: Davidson v. Gibson County, 134 Tenn., 526; Dunham v. State, 89 Tenn., 728; State v. Davidson County, 96 Tenn., 175:

   Cases cited and distinguished: Woolen v. State, 129 Tenn., 455; Eaton v. State, 83 Tenn., 202.

   Code cited and construed: Secs. 7619-7623, (S.); Sec. 5413 (Code of 1858).

2. **COSTS.** State liable for costs where defendant committed to county jail.   ,

   Under Acts Ex. Sess. 1891, chapter 22, and Shannon's Code, section 7393, not repealed by implication by Acts (1881, chapter 105, the circuit judge in his discretion having committed defendant convicted of petit larceny to the county jail, the State was liable for the costs. (*Post, pp.* 36-41.)

   Acts cited and construed: Acts 1891, chs. 22, 105.

   Code cited and construed: Sec. 7793 (S.).

---

### FROM FAYETTE.

---

Appeal from the Circuit Court of Fayette County.—
HON. JOHN A. TIPTON, Special Judge.

W. H. SWIGGART, JR., Assistant Attorney-General, for
the State.

W. M. MAYO and SIMONTON & GWINN, for defendant in
error.

MR. JUSTICE McKINNEY delivered the opinion of the
Court.

The defendant, Fred Sellars, was indicted and convict-
ed in the circuit court of Fayette county of petit larceny;
the jury in their verdict commuting his punishment to
imprisonment in the county jail for a period of thirty
days.

Upon said verdict the circuit judge sentenced the de-
fendant to the "county jail" for a period of thirty days,
and the defendant served his sentence as adjudged by said
court.

The costs of the case were adjudged against the State.

A motion was made to retax the costs, it being insisted
by the State that same should be adjudged against the
county, but this motion was overruled, and the State has
appealed and assigned this action of the trial court as
error.

Fayette county has a combined jail and workhouse, as
defined in *Davidson* v. *Gibson County*, 134 Tenn., 526, 184
S. W. 29, and it is insisted by the State that, upon the
authority of the case just mentioned, the circuit court

was without power or discretion to sentence the defendant to the jail instead of to the workhouse, and that a sentence to jail, under such a conviction, had the effect of a sentence to the workhouse, by operation of law.

It is insisted by the county that the workhouse system in Fayette county had been abolished prior to the conviction in this case, but, under our view of the case, we find it unnecessary to pass upon this question, and so, in a consideration of the case, we do so upon the assumption that the jail is still a workhouse, having been so declared by the quarterly county court of Fayette county in 1909, in conformity with the general workhouse statute (chapter 123 of the Acts of 1891).

Chapter 22 of the Acts of the Extra Session of 1891 defines what costs in criminal cases shall be borne by the State and what by the county.

The caption and first three sections of said act are as follows:

"An act to amend sections 5586 and 5587 of the Code of 1858, relating to the payment of costs in criminal cases, and to more clearly define what cost in criminal cases the State and county shall be held liable.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that section 5586 of the Code of 1858, be so amended as to read as follows: The costs which have accrued in any criminal prosecution for offenses punishable with death or by confinement in the penitentiary in cases accruing under subsections 1, 3, and 5 of the foregoing section, shall be paid by the State.

143 Tenn.—3

"Sec. 2. Be it further enacted, that section 5587 be so amended as to read as follows: Similar costs in criminal prosecutions for offenses punishable in any other way than by death or confinement in the penitentiary, also similar costs in criminal prosecution for offenses punishable with death or confinement in the penitentiary in cases accruing under subsections 2 and 4 of section 5585, shall be paid by the county.

"Sec. 3. Be it further enacted, that what is meant by costs in the foregoing sections is all costs accruing under existing laws on behalf of the State or county, as the case may be, for the faithful prosecutions and safe-keeping of the defendant, including the cost of boarding juries and that of the jailer; but nothing in this act shall be so construed as to require the State to pay any cost for guarding the jail to prevent mob violence, or to prevent rescue or the prisoner's escape, or for transporting to any other county for safe-keeping on any account whatever; but the same shall be paid by the county in which the crime was committed, or claimed to have been committed."

In construing said act, in connection with section 7606 of Shannon's Code, this court, in the case of *Woolen* v. State, 129 Tenn., 455, 166 S. W., 594, used this language:

"By the last-named act, the test of liability, as between the State and the county, is placed on the grade of the offense. All costs of the prosecution of crimes punishable otherwise than by death or confinement in the penitentiary are made payable by the county.

State v. Sellars.

"We are of opinion, and hold, that in cases of felonies, where the punishment has been commuted from confinement in the penitentiary to confinement in a county workhouse or jail, there is worked by the commutation no change in the grade of the offense, so as to disturb the above test of liability for costs. They are payable by the State, except where the statute provides to the contrary."

In *Davidson* v. *Gibson County,* supra, this court said: "Clearly, where there is only a jail proper, as described under head (3) above, the State is not freed from and the county onerated with the board, accruing after conviction, of State's prisoners. All prisoners convicted of felonies are clearly State's prisoners notwithstanding commutation to jail sentences. Code (Shannon) sections 7619-7622; *State* v. *Davidson County,* 96 Tenn., 175, 180, 33 S. W., 924; *Woolen* v. *State ex rel.,* supra. The principles of the last-named case are then applicable.

"When it comes to a combination jail and workhouse, (2) above, it is equally manifest that the decision in the Woolen Case is apt and correct as applied to those who are held 'in jail' by the sheriff as 'jailer.' "

It should be borne in mind that the defendant in the present case was sentenced to the county jail, and not to the county workhouse.

Section 5413 of the Code of 1858 (section 7393 of Shannon's Code) provides:

"In all cases where a person is by law liable to be imprisoned in the county jail, for safe-keeping or punishment,

confinement in the workhouse, if one be provided, may, in the discretion of the court or justice, be substituted."

It is insisted on behalf of the State that this latter section was repealed by implication by chapter 105 of the Acts of 1881, which act is as follows:

"An act to compel persons confined in the county jail for felonies, when the punishment has, by the jury, been commuted to imprisonment in the jail, to work in the workhouse during their term of imprisonment.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that hereafter all persons charged with a felony and convicted of the same, but whose imprisonment has been by the jury commuted to imprisonment in the county jail, shall hereafter be compelled to work out said terms of imprisonment at hard labor in the county workhouse in the county where convicted.

"Sec. 2. Be it further enacted, that this act shall take effect from and after its passage, public welfare requiring it."

We are unable to assent to this insistence made by the State.

It is the duty of the court to give effect to both acts, if possible, and it is only where the two acts cannot be harmonized that the courts will adjudge the former repealed, by implication, by the latter. *Durham* v. *State*, 89 Tenn., 728, 18 S. W. 74.

Chapter 105 of the Acts of 1881 does not relate to the question of where the convicted prisoner shall be sentenced,

but simply says that, where he is sentenced to jail, he shall, nevertheless, work in the workhouse during his imprisonment. In some instances, no doubt, as a result of said statute, a benefit was conferred upon the county, but the act certainly imposed no additional burden upon the State, as to costs in such cases, which the Legislature, in accord with its idea of a just division, enacted that it should pay.

In *Davidson* v. *Gibson County*, supra, the court, in discussing the question of adjudging the costs against the county, where the defendant had been sentenced to the workhouse, as being in accordance with the equities of the situation, said:

"The county replies, however, that it is inequitable to burden it with the board of women and infirm State prisoners who are unfit for the hard labor to be encountered in a workhouse. As to such persons it is fair to assume that the court will commit them to the jail, and not to the workhouse, in the exercise of the discretion lodged in him by section 7393, supra."

In *Woolen* v. *State*, supra, the court said:

"We are of opinion, and hold, that in cases of felonies, where the punishment has been commuted from confinement in the penitentiary to confinement in a county workhouse or jail, there is worked by the commutation no change in the grade of the offense, so as to disturb the above test of liability for costs. They are payable by the State, except where the statute provides to the contrary."

In the case just quoted from, the facts of which are similar to those in the instant case, the suit was by the sheriff for board of prisoners in the county jail, who were convicted of felonies, but those sentences had been commuted from the penitentiary to the county jail.

In *Davidson* v. *Gibson County,* supra, the court modified its holding in *Woolen* v. *State,* supra, as to prisoners who had been sentenced to the workhouse, but affirmed its holding as to prisoners who had been sentenced to jail.

But it was argued by the State that in the two last-cited cases the court did not consider said act of 1881.

It is true that the court did not specifically refer to said act, but the court did refer to chapter 83 of the Acts of 1875, which provides that—"Hereafter every person convicted of a misdemeanor, who fails to pay or satisfactorily secure the fine and costs adjudged against him, or her, shall be sentenced to be confined, and shall be confined, in the county workhouse, after the term of his or her imprisonment, if any, has expired, until he work out his fine and costs, including all jailer's fees accruing before and after conviction, and down to final discharge."—and also to the Workhouse Act of 1891, section 12 of which is as follows:

"Be it further enacted, that in all cases where a person is by law liable to be imprisoned in the county jail for punishment, or for failure to pay a fine and costs, or costs only, as the case may be, in misdemeanor cases and in felony cases, where the punishment has been commuted from confinement in the penitentiary to the county jail,

he or she shall be sentenced to be confined and shall be confined at hard labor in the county workhouse until the expiration of their sentence of imprisonment, and thereafter until the fine and costs, or costs only, as the case may be, have been worked out, paid or secured to be paid. All such fines and costs shall be paid to the county trustee upon receivable warrant of the judge or chairman of the court when paid by the prisoner or his sureties."

These acts are just as mandatory and as far-reaching as is the act of 1881, and yet this court, in *Davidson* v. *Gibson County,* supra, on this question, said:

"When it comes to a combination jail and workhouse, (2) above, it is equally manifest that the decision in the Woolen Case is apt and correct as applied to those who are held 'in jail' by the sheriff as 'jailer.'

"Code (Shannon) section 7393, provides:

" 'In all cases where a person is by law liable to be imprisoned in the county jail for safe-keeping or punishment, confinement in the workhouse, if one be provided, may, in the discretion of the court or justice, be substituted.'

"The above provision was not repealed by those of Acts 1875, chapter 83, providing that misdemeanants 'shall be confined in the county workhouse' (*Durham* v. *State,* 89 Tenn., 723, 18 S. W., 74), and it would seem that the discretion to imprison in the jail or in the workhouse is not abrogated by the terms of the present workhouse act, whether the imprisonment be of misdemeanants or felons under commutation."

In *Eaton* v. *State,* 15 Lea, 202, the court, in considering the effect of chapter 83 of the Acts of 1875 upon sec-

tion 5413 of the Code of 1858 (Shannon's Code, section 7393), said:

"This act expressly provides that every person convicted of a misdemeanor, who fails to pay or satisfactorily secure the fine and costs adjudged against him or her, shall be sentenced to be confined, and shall be confined in the county workhouse, after the term of imprisonment, if any, has expired, until he work out his fine and costs, including all jailer's fees accruing before and after conviction, and down to final discharge.

"The result of this legislation is to make the working out of the fine and costs, or costs only, imperative in all misdemeanor cases, but it leaves confinement in the workhouse, in lieu of imprisonment in the county jail, to the discretion of the court or justice under section 5413 of the Code. And the court in such cases has the power to order the defendant to stand committed until the fine and costs are paid. In this State of the law the Legislature passed the act of 1881, chapter 105 (new Code, section 6073), which provides: 'That hereafter all persons charged with felony and convicted of the same, but whose imprisonment has been, by the jury, commuted to imprisonment in the county jail, shall be compelled to work out said term of imprisonment in the county workhouse in the county where convicted.' The intention of this act was to place such a convict on the footing of an offender convicted of a misdemeanor."

And in *Durham* v. *State,* supra, it was again held that the act of 1875 did not repeal by implication section 5413

State v. Sellars.

of the Code of 1858. So that this question has been decided heretofore by this court in four published opinions.

A number of reasons suggest themselves as to why such discretion should be lodged in the trial court, as, for example, as stated in *Davidson* v. *Gibson County*, supra, where the prisoners are women or infirm men, not able to work, or, as was argued on the hearing of the case, where there is not a sufficient number of prisoners to justify the county in providing equipment and employing guards for working such prisoners.

There is no conflict between section 5413 of the Code of 1858, and chapter 105 of the Acts of 1881, and the circuit judge, in his discretion, having committed the defendant to the county jail, we are of the opinion that the State was liable for the costs, and the action of the circuit judge in so holding will be affirmed.